Ralph C. Baker v. Commissioner.
Baker v. Commissioner
Docket No. 30244.
United States Tax Court
1951 Tax Ct. Memo LEXIS 12; 10 T.C.M. (CCH) 1206; T.C.M. (RIA) 51358; December 21, 1951
*12 John R. Brook, Esq., for the petitioner. Michael J. Kenney, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency in income tax against petitioner for 1945 of $3,227.80. Of the several adjustments made to net income petitioner attacks only the disallowance of an alleged interest expenditure of $5,083.95. Findings of Fact A resident of New York, New York, petitioner filed his return for 1945 with the collector for the third district of New York. Petitioner has long been engaged in investing and speculating in the stock market. When he married on June 2, 1917, petitioner and his wife had an understanding that he could take her separate money and invest it in securities as he saw fit. An agreement, not reduced to writing, was concluded to treat any of her money so used as a loan to petitioner with interest. Beginning in about October 1921 petitioner began recording contemporaneously in a memorandum book his wife's business transactions as well as their personal transactions. Previous dealings as recorded by various loose memoranda were entered to make the record complete. This book was the only *13 record of their personal transactions. Petitioner's wife knew of the existence of this book and that it contained a record of the amounts borrowed from her. After September 1921 all petitioner's borrowings from his wife appear in the memorandum book. That book records the following entries indicative of borrowings and no others: Dr.
Mar. 30 [1927] R.C.B. note 6% due 12/1/27
$2,000.00
Cr.
July 14 [1927] Ralph C. Baker note 2000 paid
2,000.00
July 14 Int. on R.C.B. note 6% 104 da.
34.67
Dr.
Nov. 22 [1929] Note R.C.B. 6%
3,200.00
Cr.
May 22 [1930] Int. on R.C.B. note
96.00
Cr.
Nov. 22 [1930] Int. R.C.B. note
96.00
Nov. 22 Old note (cancelled)
3,200.00
Dr.
Nov. 22 [1930) R.C.B. note (new)
2,700.00
Cr.
Dec. 23 [1930] Int. on R.C.B. note one mo.
13.50
Dec. 23 Old note R.C.B. (cancelled)
2,700.00
Dr.
Dec. 23 [1930] R.C.B. note (new)
2,171.42
Cr.
June 23 [1931] Int. R.C.B. note
65.14
Cr.
Dec. 23 [1931] Int. on R.C.B. note 5% (overpayment)
108.57
Cr.
June 23 [1932] Int. on R.C.B. note (See overpayment 12/23/31)
June 23 Payment R.C.B. note
2,171.42
The total of such borrowings was $10,071.42. Petitioner listed *14 an interest deduction in his 1945 income tax return of $5,083.95 allegedly paid to his wife. In support of this deduction he asserted payment by checks, either to his wife as payee or to her creditors in settlement of accounts owing, in the total sum of $5,101.65. This alleged interest payment was asserted as owing on a total principal indebtedness to his wife of $10,955.28, which embraced 28 separate loans over a period of 15 years. The first loan asserted was allegedly received June 2, 1917, and the last, November 19, 1931. Petitioner relied entirely upon his memory to recall and substantiate these asserted loans. Petitioner has not established the existence of an indebtedness in 1945 upon which the asserted interest expenditure could have been predicated. Opinion We have found at petitioner's own request that his claimed borrowings from his wife were recorded in the memorandum book introduced in evidence. This book, as likewise appears from our findings, shows total borrowings of $10,071.42. The same book shows that all of these borrowings were repaid not later than 1932. Petitioner does not claim any borrowings after that date. It seems to us to follow that while petitioner *15 may honestly have believed that he borrowed other funds from his wife, and that those amounts were still unpaid in 1945, the only documentary evidence in the record, consisting of material introduced by petitioner himself, so categorically contradicts petitioner's testimony that we have been unable to find that there were any debts whatever owing by petitioner to his wife during the year in controversy. [1] There could hence have been no interest due on indebtedness to her. This conclusion as to the factual circumstances makes unnecessary any consideration of the legal questions raised. *16 Decision will be entered for the respondent. Footnotes
1. There are other discrepancies in petitioner's case. For example, he testified that prior to 1945 he never made any repayments to his wife. Yet, as our findings show, all of the borrowings recorded as such are also recorded as having been paid. Again, this record is supposed to be complete and does in fact note certain loans but none of those petitioner now claims are recorded as loans. Borrowings specifically recorded as such in the memorandum book do not appear in a list of borrowings submitted by petitioner as including all of the loans made to him by his wife, while the items claimed as borrowings do not appear as such in the memorandum book. Incidentally, petitioner's testimony from the memorandum book as to the sources of funds which he recalled borrowing from his wife is not inconsistent with the possibly subsequent recording of the loans themselves. Furthermore, petitioner's wife testified: "Q. Do you know approximately what was the total amount of money you loaned to your husband? A. Well it was around $11,000." (Italics supplied.) The amounts borrowed and shown to have been repaid prior to 1932 total between $10,000 and $11,000. This is consistent with the borrowings and repayments noted, but not with any substantial additional indebtedness still outstanding.↩